THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALICE TAYLOR, Defendant-Appellee.

First District (1st Division)   No. 77-829

Opinion filed January 3, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Alice Taylor, was charged with the offense of gambling, in that on February 10, 1976, she knowingly possessed policy ticket results, policy bet writings and other related gambling paraphernalia. (Ill. Rev. Stat. 1975, ch. 38, par. 28—1(a)(8).) The trial court quashed the search warrant and suppressed evidence seized. The State has appealed pursuant to Supreme Court Rule 604(a). Ill. Rev. Stat. 1975, ch. 110A, par. 604(a).

At 11 a.m. on February 10, 1976, a judge of the circuit court of Cook County issued a search warrant for a blue Chevrolet automobile, bearing 1975 Illinois license number WP 1399, authorizing the seizure of records of policy wagers, policy result slips, policy tabulations and other gambling paraphernalia contained therein. The search warrant was based upon the complaint of police officer Maureen C. O'Connell. In the affidavit for the search warrant, Officer O'Connell stated that on February 4, 1976, she met with an informant who told her a female Negro, who drove a light blue, late model Chevrolet bearing the above license number, was a policy runner who picked up policy wagers and monies from various sources between the hours of 11:30 a.m. and 2 p.m. Officer O'Connell had known the informant for the past 10 months and the informant had supplied information on three other occasions resulting in three arrests and in seizure of illegal gambling contraband. The affidavit also averred that on the following day, Thursday, February 5, 1976, Officer O'Connell instituted a surveillance of the automobile and its driver, who was a black female. Affiant followed the car and driver through a series of stops. At each location the driver left her vehicle and entered a building where she remained for several minutes and then returned to her vehicle. At the end of her route, she drove to the corner of

69th and South King Drive, where she met a man known to Officer O'Connell to be a pickup man for the "hotel/clerk/bellboy" policy wheel. After parking her vehicle on the west side of the street, the driver walked to the southeast corner where she exchanged a quantity of policy writings and money with this man. Again, on Friday, February 6, 1976, Officer O'Connell followed the same female and the same sequence of events transpired. Additionally, on this later occasion, as the man and woman stood on the street, the officer observed the man count out the money and then deposit the money in one pocket and the policy writings in his jacket pocket. Again, on Monday, February 9, 1976, Officer O'Connell followed the same female through the identical routine.

Defendant's counsel made an oral motion to suppress evidence and quash the search warrant. No evidence was heard by the court. At the brief hearing on the matter, defense counsel pointed out that, although the warrant described the automobile, there was no description of any person and concluded that the search warrant would allow a search of anybody who was driving the automobile at any time. The court agreed that the warrant allowed a search of the vehicle, but it said:

"There is no definite description of any person at all, and I think it's too broad. I think the motion to quash and suppress will be sustained."

■■ Although the defendant has not filed an appellate brief, we may consider the appeal because the record is simple and the claimed error may be resolved without the aid of an appellee's brief. (See *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 401-02, 367 N.E.2d 1305; *People v. Bohannon* (1976), 38 Ill. App. 3d 489, 348 N.E.2d 249.) On appeal, the State contends that the complaint established probable cause for search of the vehicle even though it did not specify the person who would be found in the automobile.

Section 114—12(2)(b) of the Code of Criminal Procedure of 1963 places on defendant the primary responsibility for establishing the factual and legal bases for a motion to suppress evidence claimed to be illegally seized. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(2)(b); *People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.) In *Berg*, the court pointed out that the defendant must at least establish that there was a search and that it was illegal.

■■ It is evident that proper procedure was not followed in the case at bar. No written motion specifying grounds for suppression was made and no evidentiary hearing was conducted on the motion. Consequently, the record does not reveal the type of evidence sought to be suppressed, the circumstances under which the evidence was seized, whether the evidence was seized from defendant's person or from the vehicle or, if the search was of the vehicle, there is no indication of defendant's proximity

494

to the vehicle and to the items seized. The warrant for the search of the car was at least arguably valid. (See *People v. Francisco* (1970), 44 Ill. 2d 373, 255 N.E.2d 413.) But, even assuming the warrant was deficient to allow the search of a person, the State, at a proper hearing, might have sought to establish other grounds to justify the search. (*People v. George* (1971), 49 Ill. 2d 372, 378, 274 N.E.2d 26; *cf. People v. Handy* (1976), 44 Ill. App. 3d 835, 358 N.E.2d 1230.) Under the circumstances, we find the record does not show that the defendant met the burden imposed upon her by statute.

Therefore, the judgment of the circuit court of Cook County granting defendant's motion to quash the search warrant and suppress evidence is vacated. The cause is remanded to the circuit court of Cook County, with directions to proceed in accord with the views expressed herein.

Vacated and remanded, with directions.

GOLDBERG, P. J., and McGLOON, J., concur.