THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NOR-
VAL W. WELLS, JR., Defendant-Appellee.

Fifth District    No. 5—94—0292

Opinion filed June 30, 1995.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten,
Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's
Office, of Mt. Vernon, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The State appeals from the trial court's order granting defen-
dant's motion to suppress evidence. The question presented for our
review is whether the trial court abused its discretion by granting
the motion to suppress without an evidentiary hearing. Finding that
the trial court abused its discretion, we reverse and remand the case
for further proceedings consistent with this order.

The germane facts are as follows: On November 19, 1992, defen-
dant was indicted on a charge of first-degree murder for the July 30,
1967, murder of John W. Hale, Sr. Subsequently, defendant requested
the State to supply him with a copy of the search warrant issued on
August 4, 1967, by Judge Gwilliam, who died prior to this case. On
March 24, 1993, defendant filed a motion to suppress evidence, alleg-
ing, *inter alia*, that certain evidence was obtained by the State on

August 4, 1967, "pursuant to a search warrant," and that the "complaint which led to the issuance of the search warrant does not state facts sufficient to show probable cause; does not prescribe the persons [or] the premises to be searched with particularity; and does not adequately state cause why a search warrant should be issued." The motion to suppress also alleged that the "evidence seized, as evidenced by the return, is not that which was described on the face of the search warrant," as required under Illinois statutes. 725 ILCS 5/108—7, 114—12 (West 1992).

On September 1, 1993, defendant's motion to suppress evidence came on for hearing. However, by agreement of the State and defendant, the hearing was continued for the State to attempt to produce the items requested by defendant in discovery, including the August 4, 1967, search warrant, which the State admitted it did not have in its possession. At this hearing, the State possessed only an unsigned copy of the complaint for search warrant.

On January 27, 1994, the motion to suppress evidence again came on for hearing. The trial judge characterized the motion as challenging "the search pursuant to a search warrant." Defendant's attorney argued that the State had not been able to find a copy of the search warrant. Defendant moved the court to grant his motion to suppress *instanter* on the basis that the State had failed to produce the search warrant. Defendant argued that there was nothing to cross-examine and no way to determine if there was probable cause to issue the warrant. Defendant moved to suppress the pair of shoes, hand towel, and handkerchief which were seized by the two officers who served the warrant on defendant's son at the residence described in the warrant.

The State admitted that it had not been able to locate the missing search warrant, and the State requested a continuance to try to "re-establish the matter through testimony." Defendant objected to a continuance. The trial court stated that it was taking the matter under advisement but granted both parties additional time to file memoranda of law. The court did not request any evidence from either party during this hearing.

The State later filed a memorandum of law that included an offer of proof, alleging that officer John Light of the Alton police department would testify that on August 4, 1967, he signed a complaint for a search warrant, under oath, before Judge Harold Gwilliam and that the original complaint was left with the court. Officer Light would further testify that Judge Gwilliam did in fact issue a search warrant for defendant's residence, describing a .25-caliber handgun as the subject of the search. Light would additionally testify that he

and another officer executed the search warrant on August 4, 1967, on Terry Wells, age 17, defendant's son, who also resided at the premises, but that no weapon was found in the search.

The offer of proof continued:

> "At the conclusion of the search for a weapon, Terry Wells was requested to find and give John Light his father's shoes, at which time Terry Wells obtained his father's shoes, along with other items, and turned them over to John Light without objection."

The State additionally alleged that the original of the complaint for search warrant, the search warrant, and the return could not be located, but that a copy of the complaint for search warrant was attached to the offer of proof and was identical to the original of that complaint.

On April 18, 1994, without a hearing, the trial court entered an order granting the motion to suppress evidence. The court found that the defendant has the initial burden of proof, but that once the defendant presents a *prima facie* case of a defective warrant, the burden shifts to the State. The court stated that it would normally consider whether to have an evidentiary hearing on the motion to suppress based upon the four corners of the complaint for search warrant, affidavits, and the search warrant itself, but that without the search warrant to look at, it could not make such a decision. The court stated that it was "clear" that the search of defendant's residence "did not fall under any exceptions to the search warrant requirements." The court further stated, "Therefore, any search conducted without a warrant would be illegal, and all things seized would have to be suppressed." The trial court held that if "a search warrant was issued, as alleged, then the State must produce that search warrant for the Court to determine whether the State has met its burden to withstand the Defendant's challenge to the warrant." From this order, the State filed a timely notice of appeal and a certificate of impairment.

The trial court erred by not granting the State an opportunity to present evidence prior to the court's grant of the motion to suppress. Section 114—12(b) of the Code of Criminal Procedure of 1963 requires the trial court to "receive evidence on any issue of fact necessary to determine the motion" to suppress. (725 ILCS 5/114—12(b) (West 1992).) Additionally, the statute provides that the "burden of proving that the search and seizure were unlawful shall be on the defendant." 725 ILCS 5/114—12(b) (West 1992).

In the case at bar, the trial court determined that defendant had made an irrebuttable case on his motion to suppress, evidently based entirely upon the State's admission that the originals of the com-

plaint, warrant, and return could not be located. Both the State and defendant, as well as the trial court, all agree that on August 4, 1967, Judge Gwilliam, now deceased, in fact issued a search warrant for defendant's home. Judge Gwilliam's determination that probable cause existed to issue the search warrant is entitled to great deference, both by the trial judge considering the motion to suppress and by this court. *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.

It is antithetical to the rule of great deference to decide that the existence of the warrant itself is determinative of the entire case. The question is not whether the warrant exists at the time of the motion to suppress, but whether the judge who issued the warrant had sufficient information to decide that probable cause existed to issue the warrant. (*Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.) In this case, the State's offer of proof described the circumstances surrounding the issuance of that warrant, and the trial court should have allowed the State to present that evidence in open court. The trial court has no authority to suppress evidence without an evidentiary hearing in which the State has the opportunity to show either that the warrant was issued with probable cause, or that the items were lawfully seized under some exception to the warrant requirement. *People v. Taylor* (1978), 56 Ill. App. 3d 491, 371 N.E.2d 1201; *People v. Guido* (1973), 11 Ill. App. 3d 1067, 297 N.E.2d 18.

Even if the court determines that the warrant was invalid and that the trial judge who issued the warrant did not have probable cause to believe that evidence of a particular crime would be found in defendant's home, the trial court considering the motion to suppress is still required to determine whether the evidence recovered should be excluded or whether it is admissible. *People v. Turnage* (1994), 162 Ill. 2d 299, 642 N.E.2d 1235, citing *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (which discusses the good-faith exception to a defective warrant, wherein the officers executing the warrant reasonably believe it to be valid); see also *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (holding that the State has the burden to prove that a party voluntarily consented to a warrantless search and that whether the consent is voluntary is determined from the totality of the circumstances).

Contrary to the trial court's assertion that there were no facts from which to find an exception to the warrant requirement, the State's offer of proof at least raised the question of whether the items not described in the warrant were seized with the consent of defendant's son. The voluntariness of a third party's consent to a po-

lice search of a defendant's residence or possessions depends on the totality of the circumstances, and it is the State's burden to show by a preponderance of the evidence that the consent was voluntarily given. *People v. Casazza* (1991), 144 Ill. 2d 414, 581 N.E.2d 651.

The trial court's determination on a motion to suppress evidence will not be overturned unless it is manifestly erroneous. (*Turnage*, 162 Ill. 2d 299, 642 N.E.2d 1235.) Additionally, the trial court's findings of fact should be accepted unless they are against the manifest weight of the evidence. (*Turnage*, 162 Ill. 2d 299, 642 N.E.2d 1235.) In the case *sub judice*, however, the trial court did not allow either party to present any evidence whatsoever, so that we have no evidence to weigh on review. The trial court abused its discretion by not allowing the State any opportunity to present evidence of the circumstances in existence when the warrant was issued or as to the circumstances of the seizure of the shoes, handkerchief, and hand towel. The State may not be precluded from presenting evidence about that time period on the basis that the paper copy of the search warrant no longer exists.

Reversed and remanded.

MAAG, P.J., and GOLDENHERSH, J., concur.