THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. NORVAL W. WELLS, JR., Defendant-Appellee.

Fifth District    No. 5—96—0076

---

Opinion filed April 12, 1996.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Defendant, Norval Wells, awaits trial in Madison County. It is a long-awaited trial. Defendant has been a prisoner in the Madison County jail for almost four years.

The wait must continue. There will be no trial in the foreseeable future—at least not until the State obtains review of a new order suppressing evidence critical to its case. Trial has been postponed indefinitely to accommodate the State's right to pursue a second interlocutory appeal.

Defendant was extradited from Colorado in 1992 to face a murder charge. On February 8, 1996, defendant raised a plea for freedom under Supreme Court Rule 604(a)(3) (145 Ill. 2d R. 604(a)(3)). After a hearing, the trial court refused defendant's release. The trial court found that the nature of the charge and defendant's refusal to submit to Illinois jurisdiction compelled continued detention. Now defendant asks us to set him free. This is not an appeal from the trial court decision. It is rather a *de novo* request asserting the right to release under Supreme Court Rule 604(a)(3).

We are asked to determine whether the defendant should be confined in the Madison County jail during the pendency of the State's second interlocutory appeal. The question is raised by pleadings that cite to and rely upon proceedings conducted on defendant's initial request for release in the trial court. We find nothing in the record that *compels* further indeterminate pretrial imprisonment during the pendency of this appeal. We do not, however, order defendant's immediate release.

Since the State appears to have misapprehended its burden under Supreme Court Rule 604(a)(3), we do not preclude and, in fact, invite further proceedings in the trial court to supplement the record. We want to afford the State full opportunity to advance its position that reasons compel further confinement. Any further proceedings under Supreme Court Rule 604(a)(3) should, however, address the principles enunciated herein.

■ Supreme Court Rule 604(a)(3) provides:

"*Release of Defendant Pending Appeal.* A defendant shall not be held in jail or to bail during the pendency of an appeal by the State *** unless there are compelling reasons for his continued detention or being held to bail." 145 Ill. 2d R. 604(a)(3).

At the hearing held on defendant's request for release under this rule, counsel tried to assert that a conviction was a remote possibility. The State objected and argued that the likelihood of a conviction was irrelevant to a determination under Supreme Court Rule 604(a)(3). The trial court commented:

"Rule 604 has nothing to do with what the evidence is or how strong it is. The Court will not take that into consideration."

Consequently, the record is devoid of any proffer to demonstrate the weight of the evidence underlying the charge or the likelihood of defendant's conviction when the State's case is ultimately presented for trial.

Initially, the fact that defendant fought extradition to the State of Illinois is not reason to detain him while the State appeals. The exercise of a legal right, at any stage in the legal process, does not incur such penalty. The defendant's refusal to submit to the power of the State of Illinois flowed from rights enjoyed as a resident and citizen of the State of Colorado. His refusal to waive the issue of Illinois' jurisdiction cannot justify his indeterminate pretrial imprisonment under Supreme Court Rule 604(a)(3).

Next, the fact that the defendant is charged with murder, standing alone, is not reason to detain him while the State appeals. Supreme Court Rule 604(a)(3) mandates the release of a defendant during the pendency of an interlocutory appeal. The rule mandates

release without carving an exception for a defendant charged with murder.

Sometimes we are blinded by the very thing we need to see. The power to accuse is not the power to punish. The charge of murder, unquestionably serious in nature, is but a charge. Standing alone, mere accusation can sustain detention for only a brief period of time. It cannot justify indeterminate pretrial imprisonment under Supreme Court Rule 604(a)(3). The rule clearly contemplates consideration of what evidence exists to sustain the charge. Without consideration of the relative strength of the case upon which the charge is predicated, the power to accuse can be recast into a power to punish. The defendant, clothed with the presumption of innocence, has been imprisoned for almost four years. His further indeterminate imprisonment must be justified by a showing of more than a crime with which the State is capable of charging him.

Supreme Court Rule 604(a)(3) is part of a rule, the subparts of which work in harmony and lend meaning to one another. Supreme Court Rule 604(a)(3) cannot be fully understood absent an understanding of Supreme Court Rule 604(a)(4), which provides:

> "*Time Appeal Pending Not Counted.* The time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under Section 103—5 of the Code of Criminal Procedure of 1963 [(725 ILCS 5/103—5 (West 1994))]." 145 Ill. 2d R. 604(a)(4).

Both rules recognize that delay, inherent in the review process, should neither restrict the State's right to appeal nor infringe upon defendant's freedom while the State exercises its right.

Supreme Court Rule 604(a)(3) contemplates the restoration of that freedom lost when the prosecution was commenced. When the State seeks interlocutory appeal "defendant *shall not be held in jail or to bail.*" (Emphasis added.) 145 Ill. 2d R. 604(a)(3). The State must restore defendant's freedom unless it can establish *compelling reasons* to override the rule's mandate. 145 Ill. 2d R. 604(a)(3).

Supreme Court Rule 604(a)(4), whether defendant is at liberty or imprisoned, provides that constraints prohibiting lengthy detention without trial do not apply once the State invokes the jurisdiction of the appellate court. Speedy trial obligations imposed upon the State are thus suspended indefinitely.

Generally, it is anticipated that defendants will enjoy complete freedom during a delay occasioned by interlocutory appeal. Generally, such indeterminate delay is not visited upon imprisoned defendants.

Rule 604(a)(3) favors release. *United States ex rel. Fitzgerald v.*

*Jordan*, 747 F.2d 1120, 1131 (7th Cir. 1985), *cert. denied*, 471 U.S. 1056, 85 L. Ed. 2d 484, 105 S. Ct. 2120 (1985). Its paramount aim is to guarantee protection from the power granted the State under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) and Supreme Court Rule 604(a)(4) (145 Ill. 2d R. 604(a)(4)). Supreme Court Rule 604(a)(1) grants the State an absolute right to interlocutory appeal from orders suppressing evidence. Exercise of that right takes no more than the filing of a notice of appeal together with a certificate of impairment. *People v. Young*, 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507 (1980). The certificate of impairment is unimpeachable. *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507. At the same time, Supreme Court Rule 604(a)(4) suspends statutory speedy trial rights once appellate jurisdiction is invoked under Supreme Court Rule 604(a)(1). Therefore, the State's right to interlocutory appeal under Supreme Court Rule 604 imparts to the State an unchallengeable power to significantly delay trial and, by the same act, free itself from statutory duties to prosecute promptly. Supreme Court Rule 604(a)(3) is a defendant's only protection against abuse of this power.

A defendant's pretrial imprisonment during the pendency of a State appeal is the rare exception to a rule favoring release. In this regard, courts need be mindful of the context in which the State seeks to imprison pending such an appeal.

A request for further confinement under Supreme Court Rule 604(a)(3) will usually follow an adverse ruling that bars the use of some or all of the evidence relied upon by the prosecution to sustain its charge. This presumptively valid adverse ruling is appealable by the State upon certification by the prosecutor that it substantially impairs further prosecution. *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507. Presumably, a prosecutor does not certify substantial impairment absent a good-faith belief that the ruling substantially impairs the ability to convict.

In certain cases, successful appeal is essential to sustain the prosecution. The State will seek to imprison a defendant without ready means to prove guilt. Had the suppressed evidence not advanced the existence of probable cause at a preliminary hearing or grand jury proceeding, defendant would never have been detained or held to bail in the first place. The only alternative to appeal would be dismissal. Yet appeal immediately frees the State from its duty to prosecute in a timely fashion. In such cases, the State will seek indeterminate pretrial imprisonment in the most tenuous of prosecutions.

In all cases where the State appeals to retrieve the use of suppressed evidence and postpones trial for such purpose, it will seek further imprisonment in the face of admitted diminution in the likeli-

hood of conviction. It is in this context that the State's burden of showing the reasons for continued detention must be weighed.

The touchstone for determination of detention rather than release under the rule is a showing that reasons *compel* detention. Compelling reasons are forceful and impelling reasons irresistible in sense and purpose that afford justification for indeterminate pretrial imprisonment. Such reasons must clearly demonstrate that a defendant should remain imprisoned for an uncertain and indefinite time despite the presumption of innocence and the weakened posture of the State's case.

The State should always be able to present good reason why a charged defendant should remain in jail. After all, defendants are never detained without good reason. Reasons meeting the standard set forth in Supreme Court Rule 604(a)(3), however, are reasons over which reasonable minds would not diverge. They *compel* the conclusion that detention pending interlocutory appeal is the right thing to do.

The type of reasons to be tested under Supreme Court Rule 604(a)(3) calls for nothing unique or novel. The reasons set forth in section 110—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—5 (West 1994)) for use in the determination of the amount and conditions of initial bail are the type of reasons used for the determination of detention under Supreme Court Rule 604(a)(3). The rule simply subjects these reasons to a higher standard. Regardless of the reasons that entered into the initial bail determination, Supreme Court Rule 604(a)(3) entitles defendant to release from such bail unless reasons *compel* its continuation. Obviously, the rule contemplates heightened scrutiny. Otherwise, the rule would be pointless.

When initial bail is set, detention in lieu of bail is restricted by statute and release is mandated absent a trial in speedy fashion. When detention in lieu of bail is considered under Supreme Court Rule 604(a)(3), speedy trial rights have already been shelved and no longer restrict the potential for prolonged pretrial imprisonment. The prospect of indeterminate imprisonment without impending need to prove guilt subjects the initial bail determination to reevaluation. The test is not whether the reasons underlying initial bail justify its amount and conditions and therefore warrant continued detention in lieu of such bail. The test is whether any of those reasons *compel* or force a decision to continue detention.

In the case of Norval Wells, the State seeks to overturn, for a second time, an order suppressing evidence seized in 1967 pursuant to a search warrant that no longer exists. See *People v. Wells*, 273 Ill. App. 3d 349, 652 N.E.2d 845 (1995). The State has an absolute right

to our review of the trial court's new decision. It has certified, for a second time, that the suppression of the evidence substantially impairs future prosecution.

The record is wanting of a proffer of evidence that predicts successful prosecution. The only indication from the State on the strength of its case is a certificate of impairment. It certifies that successful prosecution is currently impaired without the use of evidence that the trial court has again disallowed. The record embraces a possibility that this prosecution lacks substance.

After almost four years of imprisonment without a trial, any further proceedings under Supreme Court Rule 604(a)(3) must address how the State plans to convert its accusation into proof of guilt. Of all the potential reasons that might be raised to justify continued detention, none compels more than a showing that the proof is evident or the presumption great that a defendant indeed committed the crime of murder.

In weighing the evidence and considering the likelihood of an ultimate conviction, the suppressed evidence is not to be considered. Certainly, the decision to bar its use was not entered into lightly. It is a decision worthy of deference from this court and is presumptively valid pending appeal. Moreover, a court should not repudiate the merit of its own judgment in weighing the current state of the evidence.

If the likelihood of conviction is doubtful, the further imprisonment of defendant would assume an aura of punishment for a crime authorities believe, but cannot prove, the defendant committed. Indeed, further imprisonment to a distant trial date may well secure the maximum punishment the law allows, without test of guilt or innocence. Defendant is 71 years old and in poor health. The State needs to validate its desire to prolong its hold on defendant's freedom with something more than its power to accuse.

Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we remand the matter of defendant's freedom pending appeal to the trial court. The matter may there be revisited within the next seven days. The State may present additional evidence, tested under the principles enunciated herein, to show compelling reasons to continue pretrial detention and override defendant's right to release under Supreme Court Rule 604(a)(3).

Remanded.

CHAPMAN and MAAG, JJ., concur.